**In re James Asa CUMMINS and Pearlean O. Cummins, Debtors.**

**JEFFREYS STEEL CO., INC., Plaintiff,**

**v.**

**James Asa CUMMINS and Pearlean O. Cummins, Defendants.**

**Bankruptcy No. S80–10470.**
**Adv. No. S81–1007.**

United States Bankruptcy Court,
N.D. Mississippi, E.D.

Feb. 17, 1983.

C.E. Morgan, III, Kosciusko, Miss., for plaintiff.

Calvin R. King, Durant, Miss., for defendants.

MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

James Asa Cummins and Pearlean O. Cummins, debtors, filed their joint voluntary chapter 7 petition in bankruptcy on October 17, 1980.

On January 9, 1981, Jeffreys Steel Co., Inc., as plaintiff, filed a complaint in this adversary proceeding, objecting to the discharge of said debtors. The essence of plaintiff's said complaint was plaintiff's allegation that defendants have with the intent to defraud their creditors concealed

certain assets of their estate, including but not necessarily limited to, their corporate stock in Tri-State Engineering Company, Inc., of Kosciusko, Mississippi. Said debtor defendants filed their answer to said original complaint on February 4, 1981.

On May 26, 1981, plaintiff filed its motion for leave to amend the original complaint in a manner set forth in an exhibited proposed amended complaint. On May 27, 1981, defendants filed an objection to plaintiff's motion for leave to amend the original complaint. At the scheduled time of the hearing on the original complaint on May 28, 1981, and before the court ruled on the said motion to amend, plaintiff moved, inter alia, to dismiss plaintiff's objection to the discharge of debtor Pearlean O. Cummins. Without objection, by the court's oral order in open court, the complaint, insofar as plaintiff's objecting to the discharge of defendant debtor Pearlean O. Cummins was concerned, was dismissed with prejudice. The court then took up and granted plaintiff's motion to file an amended complaint. The record indicates that the proposed amended complaint attached to plaintiff's aforesaid motion filed on May 26, 1981, has been treated as an amended complaint herein. Defendant James Asa Cummins, the only remaining defendant after the dismissal of Pearlean O. Cummins as a party, was permitted to prepare and file his answer to such amended complaint in open court on the same date, May 28, 1981.

Whereupon, a trial of the issues set forth in the amended complaint commenced. Said amended complaint abandoned the assertion made in the original complaint specifying corporate stock in Tri-State Engineering Company, Inc., of Kosciusko, Mississippi, as being included in allegedly concealed assets of the debtors' estates. After such hearing on May 28, 1981, had been underway for a substantial period of time, plaintiff moved to further amend the amended complaint to conform with certain proof. The remaining defendant, James Asa Cummins, objected thereto on the ground that there had been a lack of specificity as to certain allegations and that he would be prejudiced by the granting of such motion to conform absent any opportunity to subpoena witnesses and otherwise prepare to respond to the proposed amendatory allegations. In that status of the record, the hearing of May 28, 1981, was aborted; plaintiff was then granted additional time to file a further amended complaint; and defendant James Asa Cummins was granted additional time thereafter in which to answer said further amended complaint.

Plaintiff filed its second amended complaint on June 9, 1981, and defendant James Asa Cummins filed his answer to said second amended complaint on June 17, 1981. The trial of this adversary proceeding on said second amended complaint was scheduled for July 29, 1981, on which date plaintiff filed its answer to affirmative matter, but the trial again was aborted because necessary witnesses were not present. The trial was rescheduled for September 23, 1981, and was conducted on that latter date. After hearing the evidence and the arguments of counsel, this court reserved its decision.

On contradictory evidence the court makes the following findings of essential fact:

On September 30, 1980, Standard Manufacturing Company, Inc., of Greenville, South Carolina, hereinafter referred to as Standard, placed a purchase order with defendant James Asa Cummins for 100 wood heaters under a proposal whereby Standard would pay defendant James Asa Cummins $400.00 less the value of parts furnished by Standard for each heater manufactured by defendant James Asa Cummins. In connection with said purchase order of September 30, 1980, Standard shipped 100 parts kits pursuant to said order, as well as 50 additional parts kits requested by defendant James Asa Cummins, to said defendant on or about October 3, 1980. On or about October 9, 1980, defendant James Asa Cummins received parts kits valued at approximately $8,075.21, which said parts kits represented a major portion of the aggregate of 150 kits shipped on October 3, 1980. The remainder of such parts kits, of a value of

approximately $1,170.00, were not received by defendant James Asa Cummins prior to the filing of the joint chapter 7 petition on October 17, 1980.

Plaintiff has not sustained its burden of proof on the evidentiary point as to the purpose for which defendant James Asa Cummins ordered the 50 extra kits. Plaintiff's contention that the extra 50 kits were purchased by defendant James Asa Cummins to enable him to manufacture wood stoves for resale to third parties was controverted. The court concludes that the purpose of the purchase of said extra 50 kits remains unestablished in this record.

Upon the filing of said bankruptcy petition on October 17, 1980, defendant James Asa Cummins delivered to one Allen Bruce whatever parts kits were on the premises of said defendant's "cottage industry" (the stove manufacturing enterprise conducted on the homestead premises of said defendant). There is no evidence in this record that there was any consideration for the delivery of any parts or stoves as between Allen Bruce and defendant James Asa Cummins. At a later date, Allen Bruce, using his own money, equipment, employees, labor and other resources, completed the manufacture of 25 stove units and delivered same to Standard. Whereupon Standard satisfied and cancelled any claim or claims it might have for the value of the remaining 125 parts kits.

In its final amended complaint plaintiff assigned as the jurisdictional and predicatory statutory basis for its complaint the following language in 11 U.S.C. section 727:

"(a) The court shall grant the debtor a discharge, unless—. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or any officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition; . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account; . . ."

As developed during the trial of this adversary proceeding, the gravamen of plaintiff's complaint is that defendant James Asa Cummins, with intent to hinder, delay, or defraud plaintiff or the trustee, concealed certain parts kits for wood stoves or fully or partially manufactured wood stoves, and that defendant James Asa Cummins knowingly and fraudulently made a false oath and account by failing to show said personalty either as debtor's assets or as property of a third party held by debtor at the time of filing of the bankruptcy petition.

In the opinion of the court there is no legal question requiring resolution herein. The foregoing statutory provisions are clear and explicit.

Assuming, arguendo, that the parts kits for wood stoves, fully manufactured wood stoves or partially manufactured stoves were in the possession of defendant James Asa Cummins at the time of filing of said bankruptcy petition, either as his own property, as property of Standard or as partly his property and partly the property of Standard, the dispositive question is a factual question:

Was the omission of such personalty from the chapter 7 schedules by defendant James Asa Cummins with intent to hinder, delay, or defraud a creditor or the trustee, or did defendant James Asa Cummins knowingly and fraudulently make a false oath or account when he swore to and filed his chapter 7 petition?

Suffice it to say in answer to this question that the possessory and ownership interests in said parts kits, wood stoves and partially manufactured stoves were sufficiently inexplicit, ambiguous and vague that this court is not convinced that defendant James Asa Cummins had any unlawful intent when he failed to list such personalty in his petition. Additionally, this court con-

cludes that defendant James Asa Cummins received no subsequent monetary consideration arising out of such omissions.

Accordingly, this court is of the opinion that plaintiff's complaint, as amended, should be dismissed with prejudice. A judgment will be entered consistent with this opinion.